Divino Cicero BORGES–DE OLIVERA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72320.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 31, 2006.

Dominic E. Capeci, Esq., Elisa C. Brasil, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Gregg M. Schwind, Esq., U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Divino Cicero Borges–De Olivera ("Borges"), a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the Immigration Judge's ("IJ") order denying Borges' applications for asylum, withholding of removal and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, and reverse only if the evidence compels a contrary finding. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review in part, and dismiss it in part.

■ Borges testified that he and his family received several anonymous telephone calls threatening his life, and the lives of his wife and three children, if he did not join a criminal gang involved in stealing cars and drug trafficking in Brazil. Contrary to Borges' contention, neither his testimony nor any other evidence in the record compels the conclusion that he was or would be targeted, even in part, because of his political opinion, real or imputed, or his familial association. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171–72 (9th Cir. 2005) (persecution not on account of political opinion where petitioner was told to work for narco-traffickers as payment for loan). Consequently, substantial evidence supports the agency's determination that Borges is not eligible for asylum or withholding of removal.

■ We lack jurisdiction to review the IJ's order denying Borges protection under the CAT because Borges failed to raise the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.